IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNCERE JACOBS,

        *Plaintiff*,

v.

CONTRACT CALLERS, INC.,

        *Defendant*.

CIVIL ACTION
NO. 15-05286

**MEMORANDUM**

Plaintiff Suncere Jacobs ("Jacobs") sued her former employer Contract Callers, Inc. ("CCI"), alleging claims of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and race discrimination under 42 U.S.C. Section 1981. Before the Court is CCI's motion to dismiss or alternatively to strike certain claims from Jacobs's complaint. The Court grants CCI's motion in part and denies it in part.

**I.**

**A.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. (quotation and citation omitted). Speculative and conclusory statements are not enough. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Furthermore, the court must construe the complaint in the light most favorable to the plaintiff. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

**B.**

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Road Dev. Corp. v. Carlson Corp. Ne.*, No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). "A motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency."

*Jordan v. Cicchi*, No. 10-4398, 2014 WL 2013385, at *1 (D.N.J. May 16, 2014) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004)).  In other words, "[a] motion to strike is not the proper device for placing the actual merits of the party's pleadings in issue." *Zappala v. Hub Foods, Inc.*, 683 F. Supp. 127, 131 (W.D. Pa. 1988) (citation omitted).  "Nevertheless, a court can consider an improper Rule 12(f) motion as a motion to dismiss under Rule 12(b)(6)." *Id.* (citing *Magnotta v. Leonard*, 102 F. Supp. 593, 593 (M.D. Pa. 1952)).

## II.

CCI's motion seeks to dismiss the complaint in its entirety, or in the alternative, strike certain claims.  Specifically, CCI seeks to dismiss or strike two claims in Counts I and III and one claim in Count II.  Since "[a] motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency," *Jordan*, 2014 WL 2013385, at *1 (citation omitted), and CCI's motion attacks "the actual merits" of Jacobs's complaint, *Zappala*, 683 F. Supp. at 131 (citation omitted), the Court treats its motion as a motion to dismiss under Rule 12(b)(6).

Counts I and III of Jacobs's complaint allege claims of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  Incorporated in both Counts are allegations of a "practice and a pattern" of terminating female employees disproportionately to male employees who commit similar infractions.  (Compl. ¶¶ 15, 20, 32, ECF No. 1.)  "While our Court of Appeals has not addressed whether individual plaintiffs may raise such claims, every other circuit to consider the issue has concluded that 'pattern or practice' claims are only available in the class action context." *Roberson v. Post Commercial Real Estate LLC*, No. 13-6730, 2015 WL 2118158, at *3 (E.D. Pa. May 1, 2015) (collecting cases).

Jacobs's response brief seems to conflate a "pattern or practice" claim—an independent cause of action under Title VII—with "similarly situated" employee evidence supporting a disparate treatment claim. (Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2–5, ECF No. 14.) In any event, Jacobs concedes that she is not alleging a separate "pattern or practice claim." (*Id*. at 1–2.) The Court accordingly dismisses Counts I and III insofar as they allege "pattern or practice" claims.

Counts I and III additionally incorporate claims of race discrimination. A Title VII plaintiff must exhaust all administrative remedies before bringing a claim for judicial relief. 42 U.S.C. § 2000e–5(e); *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). The PHRA has a similar exhaustion requirement and "claims under the PHRA are interpreted coextensively with Title VII claims." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006). Jacobs's EEOC charge, which she cross-filed with the PHRA, alleged only sex discrimination.[1] (Def.'s Mot. to Dismiss at Ex. A., ECF No. 6.) Jacobs concedes that this claim was erroneously incorporated in Counts I and III. (Pl.'s Resp. at 1–2.) The Court therefore dismisses Counts I and III insofar as they allege race discrimination claims which Jacobs has not administratively exhausted.

Count II of Jacobs's complaint alleges race discrimination under 42 U.S.C. Section 1981. Incorporated in Count II, however, are allegations of sex discrimination. (Compl. ¶¶ 15, 16, 18, 26.) Claims for sex discrimination are not cognizable under Section 1981. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 78 (3d Cir. 1999). The Court therefore dismisses Count II insofar as it alleges sex discrimination under Section 1981.

---

[1] Since Jacobs's EEOC charge was attached to CCI's motion and is "undisputedly authentic," the Court may consider it in deciding CCI's motion. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

While CCI moves to dismiss the entirety of the complaint, it makes no arguments as to the sufficiency of Jacobs's sex discrimination claims in Counts I and III and race discrimination claim in Count II. A party waives an argument if they fail to raise it in their opening brief. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 n.1 (3d Cir. 1994) (citing *Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 259 (3d Cir. 2007)). CCI's motion to dismiss those portions of Jacobs's complaint is therefore denied.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.